Filed in open court on this 13th day of March 2008.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Cr. A. No. 07-166-JJF |
| REMIGIO CAMACHO | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney for the District of Delaware, and the defendant, Remigio Camacho, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I through IV of an Information, waiving prosecution by indictment, which charges him with the following offenses:

**COUNT I**: on or about November 27, 2007, distribution of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT II**: on or about November 27, 2007, possession of a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (to wit, the distribution of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as set forth in Count I), to wit, a CAI Georgia VT

FILED
MAR 13 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

7.62 SKS assault rifle (serial number 0604427) with two (2) "banana clip" magazines, all in violation of Title 18, United States Code, Section 924(c)(1).

**COUNT III:** on or about December 11, 2007, possession with the intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

**COUNT IV:** on or about December 11, 2007, possession with the intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D). The government agrees to dismiss the Indictment returned on December 13, 2007.

2. The maximum penalties for each count of the Information are as follows:

**COUNT I:** 20 years imprisonment, three years to lifetime supervised release, a $1,000,000.00 fine, and a $100.00 special assessment.

**COUNT II:** lifetime imprisonment, including five years consecutive to any other sentence, lifetime supervised release, a $250,000.00 fine, and a $100.00 special assessment.

**COUNT III:** 40 years imprisonment, including a mandatory minimum of 5 years imprisonment, four years to lifetime supervised release, a $4,000,000.00 fine, and a $100.00 special assessment.

**COUNT IV:** 5 years imprisonment, two years to lifetime supervised release, a $250,000.00 fine, and a $100.00 special assessment.

3. The essential elements of the each count of the information, each of which the government would have to prove beyond a reasonable doubt at trial, are:

**COUNT I**:  (1) that the defendant knowingly, (2) distributed, (3) a mixture and substance containing a detectable amount of methamphetamine, (4) on or about November 27, 2007.

**COUNT II**:  (1) that the defendant knowingly possessed, (2) a firearm, to wit, a CAI Georgia VT 7.62 SKS assault rifle (serial number 0604427 ) with two (2) "banana clip" magazines, (3) in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (to wit, the distribution of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as set forth in Count I, (4) on or about November 27, 2007.

**COUNT III:**  (1) that the defendant knowingly possessed, (2) with intent to distribute, (3) fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, (4) on or about December 11, 2007.

**COUNT IV:**  (1) that the defendant knowingly possessed, (2) with intent to distribute, (3) a mixture and substance containing a detectable amount of marijuana, (4) on or about December 11, 2007.

4.   The defendant knowingly, voluntarily, and intelligently admits the following:

-- On November 27, 2007, defendant distributed approximately 28.9 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

-- On November 27, 2007, defendant, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (to wit, the distribution of approximately 28.9 grams of a mixture and substance containing a detectable amount of methamphetamine), knowingly possessed a firearm, to wit, a CAI Georgia VT 7.62 SKS assault rifle (serial number 0604427) with two (2) "banana clip" magazines.

-- On December 11, 2007, defendant knowingly possessed with the intent to distribute 377.6 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

-- On December 11, 2007, defendant knowingly possessed with the intent to distribute approximately 6,358 grams of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

5.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines and the applicable mandatory minimum sentences. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6.  Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

7. Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"):

-- one CAI Georgia VT 7.62 SKS assault rifle (serial number 0604427) with two (2) "banana clip" magazines; and

-- one Kassner Import 20 gauge double barrel shotgun (serial number 92128).

Defendant acknowledges that he possessed the Property in violation of the law, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Defendant waives all interest in and claims to the Property described in Paragraph 4 above, and hereby consents to the forfeiture of the Property to the United States. The forfeiture may be administrative, civil judicial, or criminal in the Government's sole discretion. Defendant hereby waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or civil judicial forfeiture proceeding with respect to the Property, including, but not limited to, such limitations contained in 18 U.S.C. §§ 924(d)(1) and 983 and 19 U.S.C. § 1621. Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that forfeiture of the Property, if the Government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon Defendant in this case and waives any failure by the Court to advise Defendant of this, pursuant to

Federal Rule of Criminal Procedure 11(b)(1)(J), during the change of-plea hearing. Pursuant to Rule 32.2(b)(3), Defendant will promptly consent to the preliminary order of forfeiture's becoming final as to Defendant before sentencing if requested by the Government to do so. Defendant hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described in Paragraph 4 above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this plea agreement. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

8. The defendant agrees to pay the $400 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Luis A. Ortiz, Esquire
Attorney for Defendant

_____
David L. Hall
Assistant United States Attorney

_____
Remigio Camacho
Defendant

Dated: 13 MARCH 08

AND NOW, this  13  day of  March , 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan JR.
United States District Judge

7